Barney, J.,
delivered the opinion of the court:
The plaintiff was a lieutenant-colonel in the Marine Corps. By telegraphic orders dated June 2, 1901, Major-General Heywood, then in command of the Marine Corps, ordered the officers in charge of the marines at Cavite, P. I., to organize that service into two regiments of two battalions each. Pursuant to this order the marine service in the Philippine' Islands was organized into the first brigade of marines, composed of two regiments of two battalions each. August *398 24, 1901, the plaintiff, then on duty at Portsmouth, N. H., was ordered to report for duty at Manila with that brigade. In obedience to such order he proceeded to Manila and, on the 17th day of October, 1901, was assigned to the command of one of these regiments, and continued in command of the same till January, 1903, never before having served in any other capacity with said regiment or brigade. For such service he has received the pay of a lieutenant-colonel “ serving beyond the limits of the States comprising the Union,” etc., and now brings this suit to recover the difference between that pay and the pay of a colonel for the same service, for the period extending from October 17, 1901, to July 3, 1902, inclusive, the latter date being the time the insurrection in the Philippine Islands was declared by order of the President to have been suppressed (32 Stat. L., 2014).
This claim is based upon section 7 of the act of April 26, 1898 (30 Stat. L., 365), which is as follows:
“That in time of war every officer serving with troops operating against an enemy who shall exercise, under assignment in orders issued by competent authority, a command above that pertaining to his grade, shall be entitled to receive the pay and allowances of the grade appropriate to the command so exercised.”
It is conceded by the defendants that the plaintiff was assigned to the duty as mentioned, by competent authority, and served under such assignment for the time as stated. It is claimed, however, that (1) such service was not “in time of war,” (2) that the regiment so commanded was not a regiment within the meaning of the law so as to entitle the officer commanding it to the pay and allowances of a colonel, (3) that the claimant’s service in command of the regiment was only an incident connected with his service arising from his duty as lieutenant-colonel, and for which no assignment under orders was necessary.
The first objection is considered in the opinion of this court in the Leigh case, tried at the same time as the case at bar, and decided against the defendants, and will not be discussed in this opinion (Leigh v. United States, ante).
Section 10 of the act of February 2,1901 (31 Stat. L., 748), provides that “ each regiment of infantry shall consist of one *399 colonel, one lieutenant-colonel * * * and twelve companies, organized into three battalions of four companies each * * *.”
The organization of the Marine Corps is sui generis, in that there is no provision in the law for its formation into regiments or battalions, or the assignment of its officers to any particular command. Section 18 of the act of March 3, 1899 (30 Stat. L., 1008), provides:
“ * * * The active list of the line officers of the United States Marine Corps shall consist of one brigadier-general commandant, five colonels, five lieutenant-colonels, ten majors, sixty captains, sixty first lieutenants, and sixty second lieutenants.”
Section 23 of the same act provides:
“ Sec. 23. That the enlisted force of the Marine Corps shall consist of five sergeants-major, one drum major, twenty quartermaster-sergeants, seventy-two gunnery sergeants with the rank and allowance of the first sergeant, and whose pay shall be thirty-five dollars per month; sixty first sergeants; two hundred, and forty sergeants; four hundred and eighty corporals; eighty drummers; eighty trumpeters; and four thousand nine hundred and sixty-two privates.”
Section 1611, Revised Statutes, provides for the organization of the Marine Corps, and is as follows:
“ The Marine Corps may be formed into as many companies or detachments as the President may direct, with a proper distribution of the commissioned and noncommis-sioned officers and musicians to each company or detachment.”
The order for the organization of two regiments in the Philippine Islands out of the Marine Corps, hereinbefore mentioned, presumptively was made by direction of the President pursuant to the latter statute, and it appears to us the name given to these bodies did not change their character, but that they are included under the generic term “ detachment ” contained in section 1611. It also follows that the plaintiff, whose rank was that of lieutenant-colonel, was assigned to the command of one of these regiments or “ detachments ” pursuant to the same statute. In other words, there was no command pertaining to the grade of the plaintiff within the meaning of the act of April 26, 1898, supra, *400 but only such provisional command peculiar to the Marine Corps as might be assigned to him pursuant to section 1611.
It appears to us, then, that while in command of this provisional regiment or detachment the plaintiff was not exercising, “ under assignment in orders issued by competent authority, a command above that pertaining to his grade,” within either the letter or spirit of section 7, of the act of April 26, 1898, but was simply performing a duty incident to the status of his grade.
Judgment is ordered for the defendants, dismissing the petition.